Good morning, Your Honors. My name is Carrie Johnson. I represent the appellant, Paul Voschetto, in this case. And there's really two issues that I want to address with respect to this case. The first being the whole concept of purposeful availament to the forum state, to California. Sometimes it's been called purposeful direction in terms of acting towards the state or towards individuals in the state. Here, the lower court found that the, because the eBay site is an auction site, and so the seller really doesn't have any control over the auction process, that the fact that a California resident purchased or won the auction is fortuitous or attenuated. I think the, if you look at a lot of the Internet cases that are dealing with Internet sales by companies or individuals, what they're So instead of looking at the purposefulness at the time that the auction is undertaken, the purposefulness analysis really needs to start at the placing of the site. I guess that really confuses me. I mean, you're not suing eBay. Correct. All right. So eBay provides a virtual auction place that then a person in Wisconsin says, okay, I want to sell a car. You post that on the Web site, and a bunch of people from all around the world, theoretically, can put in bids. Correct. Right? In bid here. It happened to be the winning bid from a guy in California who took delivery of the car, paid for the car in Wisconsin, took delivery of the car in Wisconsin. Everything germane about this thing appears to me to have taken place in Wisconsin. So why under just normal fare that we adopted in CyberSell and in Pebble Beach, do you not have any purposeful direction or targeting of any individual in California? Well, the purposeful targeting arises when the seller, in this case Mr. Hansen, actually places his item for sale on the Internet. But it could have been bought by somebody in New Delhi. I mean, he's not targeting California or India. He's targeting the United States. He's targeting somebody who wants to buy his car. Correct. Correct. But the fact, I mean, there are other ways for him to sell his car. He can use classified ads. He can use trade magazines. Yes, he could. He can even, you know, limit or make disclaimers in the eBay ad itself and say I just want to sell in Wisconsin or I just want to sell in Canada. But the delivery, the sale did take place in Wisconsin. It just happened to be that a California or it could have been somebody from New Delhi bought it, but the car delivery was taken in Wisconsin. Right? It was picked up in, yes, the car was in Wisconsin. And your client arranged how he wanted to transport it and where he was going to pick it up. Correct. All tied to Wisconsin. But that's really no different than if this was a Web site where there wasn't an option. And say someone was purchasing, you know, a vehicle on a, just a Web site. It's really no different because the Web site itself targets, intentionally targets residents of all the states because Well, the Web site itself allows for someone to access it either direction, from all over the world. Correct. So worldwide, not the states. Correct. But in this particular situation, I believe that the advertisement indicated he was selling to the United States. If you look at the actual listing itself that was attached. But the intent is, the issue of the intent arises when he actually places the ad. And that's, for example, in that, in the Well, when he placed the ad, he was leaving it open to anybody to come to Michigan and or Wisconsin or wherever it was, and collect the car, right? I'm sorry? He was intending at that point to leave it open to anyone from the world to come to his home state and make the final purchase there and collect the car. Correct. Correct. But he's, he's essentially reaping the benefit of He's only, he's only inviting people to come to his state, right? But he's, but he's purposely inviting people to come to his state. Of course he's purposely inviting them. That's, every time you invited somebody, you purposely do it. Right. Okay. So he invites somebody. Is that invitation sufficient to give jurisdiction to somebody from Uzbekistan? I like that better than New Delhi. I've never been to even one, but Well, it, I mean, if you take an example of, say, say he took out classified ads and invited bidders to bid on his vehicle, vehicle classified ads in major newspapers across the country, not necessarily all 50 states, but say a selected, selected states, one of them being California. But counsel, what you've got is a single incident, a single party wanting to sell his car. And I don't think we have any cases which would say that this is purposeful availment of California and its laws and its location. It's a, just a one rogue incident. It's not a situation where you're finding that the seller was peddling lots of cars in California and had cars with a particular interest to people in California. It's just not that kind of a case. Well, and part of, part of what our appeal is, is, is appealing the order of the district court, which denied our, our request for, to conduct discovery under the Wells Fargo case. Well, but can you say, would you say with a straight face that discovery would turn up the fact that this individual was selling lots of cars in California? I don't, I don't know. I don't know what the discovery would reveal, which is part of the reason that we requested it, because this, when this motion was heard, it was the first pleading in the case. There was no discovery that was undertaken. A lot of the cases that, that we're dealing with, in terms of the internet jurisdiction on transactions over the internet, they've had the benefit of discovery. They've had the benefit of evaluating the actual facts as opposed to just going off of, of what we know when the, when the case was filed. We allow some fishing expeditions in discovery, but this one seems beyond the pale. If, if you were able to come in and say, well, you had some evidence or suspicion that this fellow was actually advertising lots of cars, you know, we might have a different story, but there's nothing. You can't say that you've gone to the website and you found his name and that he's offering 10 cars. I mean, there's just nothing like that. And that would be the purpose of the discovery is, is to look at that, that type of information. A lot of the, the cases, like I said earlier, they, they specifically deal with cases where both parties have all of that information in front of them. And to dismiss a case without the benefit for both parties to, to look for that information, I think was an abuse of discretion by the district court. If your client wanted to bring suit in the Midwest there, he could do it without any sweat, right? Well, it would probably be the same hardship that Mr. Hansing is claiming. Ah. So it's kind of, we will make it more difficult than Mr. whatever his name is, Hansing. Well, the reasonable is, and this goes back to Well, you got to have, you know, you got to have more basis than just we'll make it difficult on the other side. Well, and that's not the only, the only issue. I mean, the, the seller, the person who places the ad on eBay is the one in control. They're the ones that place the ad on eBay. They're the ones that are reaping the benefit of having the ad go to places other than their immediate vicinity. Um, you know, so they're, they're the ones in the control. They can limit their, their, the reach of jurisdiction for them. If, if something goes awry, um, they're the ones that are committing not only the intentional conduct in terms of, of submitting the ad on eBay, but also What you're suggesting, what you're suggesting is anytime anyone puts an ad on eBay or anything, he grants jurisdiction to the entire world's courts. If they don't I don't think anyone's going to buy that. If they don't limit it, because they do have the power to limit their jurisdiction as recognized in the Stomp case and, and various other cases. And it doesn't suffice when you say I'll take, you can pay me in here and, and you can pick up the car here. That doesn't, that doesn't suffice to limit it. When you say I'll take payment in Wisconsin and you can pick up the car in Wisconsin. But the transaction really is nowhere. It's, it's over the internet. So there's really no particular locale that we're talking about. Was payment made over the internet? No. Payment was made over the internet. Oh. Through, through the PayPal system. Wow. So that's part, you know, part of the cyberspace part of it. It's, there's really no location of the payment because it, it is made over the internet. Okay. Thank you. Mr. Johnson. Mr. Smith. Good morning, Your Honors. James Smith, counsel for Appellee's Bowsher Ford and the Bowsher Automotive Group. We, we do not represent Mr. Hansen, which to some degree makes things awkward for us in terms of what we know about the, this transaction. There are at least two reasons to affirm the decision of Judge Walker dismissing the Bowsher dealership dependents from this case. First, as we briefed, I believe thoroughly in our appellee's brief, there are a number of cases and the clear trend of authority is that in a single isolated transaction on an auction site like eBay, like the one in this case, there is not purposeful availment sufficient for minimum contacts. That what those cases recognize is that the seller in an eBay transaction like those is really just availing themselves of the highest bidder and they are not opening themselves up to any potential jurisdiction where any buyer would be, whether it was in California or any other state. And on that basis alone, we believe that the Court can affirm the decision. Additionally, though, on the record before the Court, I think it's clear that Bowsher Ford, regardless of whatever Mr. Hansen did, did not purposely avail itself of the benefits or protections of the State of California in any way. And on that basis as well, the decision of Judge Walker should be affirmed. This Court has recognized that it's the plainest burden to present evidence related to minimum contacts and personal jurisdiction. And the only thing that Mr. Pichetto has presented to the District Court is his affidavit which says that he believed in good faith that Hansen acting as an employee of Pichetto Ford was working within the course and scope of his employment. That's it. And what is, I guess, telling about the record is what isn't there. There's no evidence related to the PayPal transaction. And the undisputed evidence from the declaration submitted by our client and Mr. Hansen is that Bowsher Ford didn't receive any compensation, any money of any kind related to this transaction. That it was a private sale. That Bowsher Ford is entirely incorporated in the State of Wisconsin. They have no employees, no officers or directors who reside in the State of California. They do not direct any marketing or any other advertising related to the sale of vehicles to the State of California. They have no bank accounts. They have no contacts of any kind with the State of California. They are a Wisconsin auto dealership, plain and simple. To respond to one thing my opponent said is that there's no difference between an Internet website as opposed to an interactive website. And I think the cases are clear that there is a fundamental difference between an auction website and an interactive website. Well, eBay website is interactive. It's just not totally interactive. Correct, Your Honor. I guess what I'm saying, if Bowsher Ford had actually sold his car to Mr. Buschetto, he had logged on to the Bowsher Automotive website, had negotiated the price and the sale, we wouldn't be talking about whether or not there were sufficient minimum contacts between Bowsher Ford and the State of California. I think under that would be related to that sale at least. But we don't have that here. And I think there is a fundamental difference between an auction website like eBay and an interactive website hosted by the defendant in the case. I know that my time is limited, and I won't go back through all the authorities that are discussed in our brief, the one last point that I would hit, Your Honor. We don't believe that Judge Walker abused his discretion in denying discovery on the record that he had before him. The only discovery that they wanted to present is whether or not, at least with respect to the Bowsher auto defendants, was whether or not Mr. Hansen was working within the course and scope of his employment at the time of the sale. And I think the record is undisputed that Mr. Buschetto didn't know Mr. Hansen was an auto dealership employee at the time he won the eBay auction, that the only way that was discovered was because in a couple of e-mails Mr. Hansen had sent from his work about picking up and delivery of the vehicle. So prior to being the successful winning bidder, there was no connection. And even if Mr. Buschetto was able to prove that he was working within the course and scope of his employment, we'd submit that doesn't change the effect that there's no personal jurisdiction to the Bowsher defendants. And if there are no further questions, we'd submit it on that basis. Well, thank you. Thank you. Thank you both, counsel. A matter just argued will be submitted in the next year argument in Nelson v. MGM. Thank you.
judges: Fletcher, Rymer, Duffy